ANDERSON v. THORPS.

(Supreme Court, Appellate Term.   December 16, 1908.)

1. COURTS (§ 190*)—MUNICIPAL COURTS—HARMLESS ERROR.
    As, under Municipal Court Act (Laws 1902, p. 1561, c. 580) § 248, subd. 2, the court, on plaintiff failing to appear on the adjourned day, should have dismissed the action, permitting defendant at such time to introduce her testimony, after which the action was dismissed, did not avail either party
    [Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

2. COURTS (§ 190*)—MUNICIPAL COURTS—APPEAL—DEFAULT JUDGMENT.
    A judgment of the Municipal Court of New York City on default of plaintiff is not appealable.
    [Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Jerry Anderson against Millie Thorps. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

Eugene R. Hayne, for appellant.
Robert Lyon, for respondent.

PER CURIAM. This action came on for trial on June 22, 1908, and after a partial trial was adjourned until June 26, 1908. Upon that day the plaintiff failed to appear, and the defendant was sworn in

her own behalf, and after hearing her testimony, on motion of the defendant's counsel, the case was dismissed and a judgment entered against the plaintiff for costs, from which judgment this appeal comes up.

Upon the failure of the plaintiff to appear upon the adjourned day the court should have dismissed the action. Section 248, subd. 2, Municipal Court Act (Laws 1902, p. 1561, c. 580). Permitting the defendant to introduce the testimony of the defendant did not avail either party. The judgment, however, being one taken upon the default of the plaintiff, no appeal will lie therefrom.

Appeal dismissed, with $10 costs.